*381 OPINION.
Littleton:
The petitioners contend that James Butler owned or controlled the stock of the six companies hereinbefore mentioned and *382 that the Commissioner should, therefore, have held that all of the companies were affiliated. The Commissioner held that James Butler Grocery Co. owned or controlled substantially all of the stock of James Butler, Inc., and that these two companies were affiliated with each other but not with the other four companies in which James Butler owned all or substantially all of the stock; that the Seminole Condensed Milk Co., Peerless Construction & Repair Co.,' Direct Realty Co. and the Empire City Racing Association were affiliated with one another for the reason that substantially all of the stock was owned or controlled by J ames Butler.
At the hearing and in his brief the Commissioner contended that he was in error in holding that James Butler Grocery Co. and James Butler, Inc., were affiliated with each other and that the Board should hold that the net income and invested capital of these two companies should be computed upon the basis of separate returns for the years involved, for the reason that James Butler did not own or control substantially all of the stock of the J ames Butler Grocery Co. and that the stock of this company and James Butler, Inc., was not owned or controlled by the same interests.
No question is raised by any of the parties as to the correctness of the Commissioner’s determination that the Seminole Condensed Milk Co., Peerless Construction & Repair Co., Direct Realty Co., and the Empire City Racing Association were affiliated with one another, since substantially all of the stock of those companies was owned by James Butler. The statute provides that corporations shall be deemed to be affiliated if one corporation owns directly or controls through closely affiliated interests substantially all of the stock of the other. The James Butler Grocery Co. owned directly 90 per cent of the voting stock of James Butler, Inc., and in the circumstances of this appeal we are of the opinion that it controlled the 10 per cent owned by James Butler. In view of this fact it is immaterial that certain stockholders of James Butler Grocery Co. were not stockholders of James Butler, Inc., and the Commissioner therefore correctly held that these two companies were affiliated.
The Board is also of the opinion that the Commissioner correctly held that James Butler Grocery Co. and James Butler, Inc., were not affiliated with the other four corporations. The evidence does not warrant the conclusion contended for by the taxpayers that the stock of the six companies was owned and controlled by James Butler, or that substantially all of the stock of the six companies was owned or controlled by the same interests, within the meaning of the statute. The James Butler Grocery Company controlled substantially all of the stock of James Butler, Inc., but had no control over the stock of the other four corporations. James Butler owned substantially all of the stock of four of the corporations but did not *383 own or control 'substantially all of tbe stock of either James Butler Grocery Co. or James Butler, Inc., and the minority stockholders owning a substantial amount of stock in James Butler Grocery Co. owned no stock in any of the other five corporations. We believe, therefore, that the Commissioner’s determination should be- affirmed.

Judgment for the 0 ommissioner.